# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
02/07/2023
CT Log Number 543175129

### Service of Process Transmittal Summary

TO:     Cathrine Reinecke
        Citibank, N.A.
        5800 S CORPORATE PL
        SIOUX FALLS, SD 57108-5027

RE:     **Process Served in Delaware**

FOR:    Citigroup Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Dhaval Vaishnav vs. Home Depot USA, Inc |
| DOCUMENT(S) SERVED: | Summons, Attachment(s), Complaint |
| COURT/AGENCY: | Wayne County 3rd Judicial Circuit Court, - Case # 23001399CB |
| NATURE OF ACTION: | VERIFICATION OF BUSINESS COURT ELIGIBILITY |
| PROCESS SERVED ON: | The Corporation Trust Company, Wilmington, DE |
| DATE/METHOD OF SERVICE: | By Traceable Mail on 02/07/2023 postmarked on 01/31/2023 |
| JURISDICTION SERVED: | Delaware |
| APPEARANCE OR ANSWER DUE: | Within 21 days after receipt |
| ATTORNEY(S)/SENDER(S): | Shawn Lowe Desai 6450 Farmington Rd. West Bloomfield, MI 48322 810-355-6134 |
| ACTION ITEMS: | CT has retained the current log. Retain Date: 02/07/2023, Expected Purge Date: 02/12/2023 |
| | Image SOP |
| | Email Notification, Cathrine Reinecke cathrine.reinecke@citi.com |
| | Email Notification, Kelly Umstott kelly.a.umstott@citi.com |
| | Email Notification, Angela Ihnen angela.a.ihnen@citi.com |
| | Email Notification, Jessica Cabral jessica1.cabral@citi.com |
| | Email Notification, David Waldner david.j.waldner@citi.com |
| | Email Notification, Renee Koletzky renee.catherine.koletzky@citi.com |
| REGISTERED AGENT CONTACT: | The Corporation Trust Company 1209 Orange Street Wilmington, DE 19801 800-448-5350 MajorAccountTeam1@wolterskluwer.com |



**CT Corporation**
**Service of Process Notification**
02/07/2023
CT Log Number 543175129

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



Legal Services PLLC
Potomac Office Building
6456 Farmington Road
West Bloomfield, Michigan 48722

**CERTIFIED MAIL**

7022 2410 0001 4208 5482

U.S. POSTAGE PAID
WEST BLOOMFIELD, MI
**$9.48**

Legal Services, PLLC

Citigroup Inc.
CORPORATION SERVICE COMPANY
1209 ORANGE ST
WILMINGTON, DE 19801

Approved, SCAO

| | | |
|---|---|---|
| | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |

| **STATE OF MICHIGAN**<br>**THIRD JUDICIAL CIRCUIT**<br>**WAYNE COUNTY** | **SUMMONS** | **CASE NO.**<br>23-001399-CB<br>**Hon.Annette J. Berry** |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226          Court telephone no.: 313-224-4679

| Plaintiff's name(s), address(es), and telephone no(s)<br>Vaishnav, Dhaval | v | Defendant's name(s), address(es), and telephone no(s).<br>Citigroup, Inc. |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br><br>Shawn Lowe Desai 81845<br>6450 Farmington Rd<br>West Bloomfield, MI 48322-4455 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐_____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.       | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a **written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>1/31/2023 | Expiration date*<br>5/2/2023 | Court clerk<br>Laverne Chapman |
|---|---|---|

                                       Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01 (9/19)**        **SUMMONS**        MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

Laverne Chapman 1/31/2023 12:08 PM WAYNE COUNTY CLERK Cathy M. Garrett FILED IN MY OFFICE 23-001399-CB

| STATE OF MICHIGAN 3rd JUDICIAL CIRCUIT COUNTY OF WAYNE | VERIFICATION OF BUSINESS COURT ELIGIBILITY AND NOTICE OF ASSIGNMENT | CASE NO. -CB |
|---|---|---|

Court address: 2 Woodward Ave., Detroit, MI 48226

| Plaintiff(s) Dhaval Vaishnav 1811 Steeplechase Canton, Michigan 48188 | v | Defendant(s) Home Depot USA, Inc., The Home Depot, Inc. Pingora Loan Servicing, LLC, And Citigroup, Inc. |
|---|---|---|

I am the attorney for the [check one] ☑ plaintiff ☐ defendant and per *MCR 2.114(B)(2) and MCR 2.114(D)* declare to the best of my information, knowledge, and belief that this case meets the statutory requirements to be assigned to the business court, *MCR 2.112(O),MCL 600.8031 et seq.*, and request assignment to the Business Court for the following reasons:

**[Both Sections 1 and 2 must be completed to be accepted by the Court (check all that apply)]**

1. **Parties**. This is a qualifying business or commercial dispute as defined by *MCL 600.8031(1)(c)* because,

   ☐ all of the parties are business enterprises

   ☑ one or more of the parties is a business enterprise and the other parties are its or their present or former owners, managers, shareholders, members, directors, officers, agents, employees, suppliers, or competitors, and the claims arise out of those relationships

   ☐ one of the parties is a non-profit organization, and the claims arise out of that party's organizational structure, governance, or finances

   ☐ It is an action involving the sale, merger, purchase, combination, dissolution, liquidation, organizational structure, governance, or finances of a business enterprise.

   **AND**

2. **Actions**. This business or commercial action as defined by *MCL 600.8031(2)* involves,

   ☐ information technology, software, or website development, maintenance, or hosting

   ☐ the internal organization of business entities and the rights or obligations of shareholders, partners, members, owners, officers, directors, or managers

   ☐ contractual agreements or other business dealings, including licensing, trade secret, intellectual property, antitrust, securities, noncompete, nonsolicitation, and confidentiality agreements if all available administrative remedies are completely exhausted, including but not limited to, alternative dispute resolution processes prescribed in the agreements

   ☑ commercial transaction, including commercial bank transactions

   ☐ business or commercial insurance policies

   ☐ commercial real property

   ☐ other type of business or commercial dispute (explain):

| 01/25/2023 | Shawn Lowe Desai Digitally signed by Shawn Lowe Desai Date: 2023.01.25 17:45:54 -05'00' |
|---|---|
| Date | Signature |
| | Shawn Desai P81845 |
| | Name (type or print) Bar no. |

STATE OF MICHIGAN
3rd JUDICIAL CIRCUIT
COUNTY OF WAYNE

VERIFICATION OF BUSINESS COURT ELIGIBILITY AND NOTICE OF ASSIGNMENT

CASE NO. -CB

Court address: 2 Woodward Ave, Detroit, MI 48226

Plaintiff: Orenzo Whitney, 1811 S ... Canton, Michigan 48188

Defendant: Home Depot USA, Inc., The Home Depot, Inc., Penguin ... Services, LLC, And Citigroup, Inc.

Both Sections 1 and 2 must be completed in full (attach all that apply).

AND

01/25/2023
Date

Shawn Lowe Desai
Signature

Shawn Desai
P81815

# STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE THIRD CIRCUIT
### CIVIL DIVISION

Dhaval Vaishnav

     Plaintiff

v.

Home Depot USA, Inc., The Home Depot, Inc.
Pingora Loan Servicing, LLC,
And Citigroup, Inc.

     Defendants

Case Number:    -CB
Honorable

**COMPLAINT**

**JURY DEMANDED**

DESAI LEGAL SERVICES PLLC
Attorneys for Plaintiff
Shawn L. Desai (P81845)
6450 Farmington Road
West Bloomfield, Michigan 48322
Tel: (810)-355-6134
Fax: 833.465.1098
Shawn@DesaiLegalServices.com

## COMPLAINT

*This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.*

*There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.*

**NOW COMES** the Plaintiff, Dhaval Vaishnav (hereafter "Plaintiff"), by and through his attorney, SHAWN L. DESAI, and for his Complaint, states as follows:

### Jurisdiction

1. This court has subject matter jurisdiction because this case is a civil action in which the amount in controversy is $25,000 or more.

2. This court has limited personal jurisdiction over Defendant The Home Depot, Inc. and Home Depot USA, Inc. (hereafter collectively referred to as "HD") under MCL 600.715 because HD are a foreign corporations registered with the State of Michigan that transacts extensive and systematic consumer-retail goods business in the state of Michigan.

3. This court has limited personal jurisdiction over Defendant Citigroup Inc. (hereafter "Citi") under MCL 600.715 because Citi is a foreign corporation registered with the State of Michigan that transacts extensive and systematic banking business in the state of Michigan.

4. This court has limited personal jurisdiction over Defendant Pingora Loan Servicing, LLC. (hereafter "Pingora") under MCL 600.715 because Pingora is a foreign corporation registered with the State of Michigan that transacts loan servicing business in the state of Michigan

## Venue

5. Venue is proper under MCL 600.1621 because HDE has at least 13 places of business in Wayne County and Citigroup, Inc. and its subsidiary-agents have at least 10 places of business in Wayne County.

## Parties

6. Plaintiff Dhaval Vaishnav is an individual, and is now, and at all times mentioned, a resident of the City of Canton, County of Wayne, State of Michigan.

7.    Defendant Citigroup, Inc. is a Delaware Corporation conducting business throughout Michigan with dozens of branches in Wayne County, Michigan.

8.    Defendant The Home Depot, Inc. is a Delaware Corporation conducting business throughout Michigan with dozens of places of business in Wayne County, Michigan.

9.    Defendant Home Depot USA is a Delaware Corporation conducting business throughout Michigan with dozens of places of business in Wayne County, Michigan.

10.    Pingora Loan Servicing, LLC is a Delaware Corporation conducting business throughout Michigan.

## Factual Background[1]

11.    On September 20, 2022, Plaintiff Dhaval Vaishnav received a letter from Ron Bendalin, Chief Compliance Officer of Pingora, written on Pingora's behalf.

12.    In the Sept. 20 letter, Pingora revealed that it had misappropriated Mr. Vaishanv's personal information including "name, address, loan number, and Social Security number", releasing it to an "unauthorized person [who] obtained access to files on our file storage servers from October 27, 2021 to December 7, 2021."

---

[1] All statements made herein are averred on information and belief available at the time of the drafting of the complaint, and we're made after an investigation that was reasonable under prevailing circumstances. These averments are subject to change as additional information becomes available.

13. Shortly after Pingora's letter, on October 2, 2022, Mr. Vaishnav received a credit card (number ending in 4741) from HD and Citi that he had never applied for, requested, nor sought.

14. Immediately after receiving this credit card, Mr. Vaishnav contacted HD to notify them that Mr. Vaishnav had never applied for, requested, nor sought this credit card.

15. Mr. Vaishnav then filed a police report with the Canton Township Police.

16. After notifying HD on October 2nd, Mr. Vaishnav received a credit card statement from HD and Citi with an amount due of $7,783.41 indicating that some unauthorized person had charged the Citi HD credit card in $7,783.41 at HD's locations in Allen Park and Madison Heights.

17. Mr. Vaishnav immediately called HD and Citi and notified them that he nor any of his friends or family members ever opened a credit card nor purchased anything from Home Depot in Allen Park or Madison Heights.

18. Mr. Vaishnav called HD and Citi on five occasions spanning from October to January 2023 to further notify them that these transactions were fraudulent and the balance was fraudulent.

19. HD opened up an "investigation" in November 2022.

20. In December 2022, Dhaval Vaishnav retained undersigned Counsel and undersigned Counsel faxed the police report and additional information that the transactions were fraudulent and the credit card balance was fraudulent.

21.  On December 6, 2022, HD issued a letter to Dhaval Vaishnav stating that "We have completed our investigation regarding your claim this account was fraudulently opened using personal information. Based on our review, we have determined that you are responsible for the account and charges in question... If the account has a balance, you remain responsible for repayment of the outstanding balance and will continue to receive monthly statements until the balance is completely paid. We want to remind you that we may report the account as past due to the consumer reporting agencies listed below if we do not receive the payment by the due date shown on your billing         statement...     Equifax     Credit         Information Service...Experian...TransUnion LLC."

22.  Mr. Vaishnav continued to notify and provide documentation and details that credit card transactions were fraudulent and the balance was fraudulent.

23.  Then on January 18, 2023, Mr. Vaishnav received a notification from the Credit Reporting Agencies via Chase Bank that his credit score had been reduced by 90 points, i.e. from 822 to 732.

24.  Upon further inspection, Mr. Vaishnav discovered that HD and Citi had reported to the Credit Reporting Agencies that Mr. Vaishnav had defaulted on a credit card with a balance of $7,783.

25.  HD and Citi were exhaustively informed that the credit card transactions were fraudulent, and the balance was fraudulent and therefore that the

information that they furnished to the Credit Reporting Agencies was false, defamatory, harmful, reckless, and fraudulent.

26. Mr. Vaishnav's credit was damaged, and Mr. Vaishnav was not able to secure a loan on his January 2023 purchase of a BMW vehicle on the terms he otherwise would have had HD and Citi not fraudulently reported the false information. Additionally, Mr. Vaishnav was not able to secure a loan on a real property in Chicago on the terms he otherwise would have had HD and Citi not fraudulently reported the false information.

27. Further, the default alleged by HD and Citi also potentially or arguably triggered technical default on a $2.2 million loan and associatedfederal SBA loan.

### Count I: Defamation (Libel and Slander)

28. Plaintiff incorporates by reference paragraphs 1 through 27.

29. The accusations that Plaintiff opened a credit card account with HD and Citi and charged transactions amounting to $7,783.41 and subsequently defaulted were false.

30. Defendants HD and Citi published the remarks to third parties with knowledge of the falsity of the statements or in reckless disregard of their truth or falsity.

31. The publication was not privileged.

32. The publication of these remarks has resulted in damage to Plaintiffs' reputation in the community and economic loss, including, but not limited to, the following:

   a. Loss of credit opportunities

b. Increased cost of financing and borrowing on new loans and existing loans

c. Potential loss of financed assets including Mr. Vaishnav's grocery store, home and vehicles;

d. Damage to business reputation and the creditworthiness of his businesses;

e. loss of job opportunities

f. emotional distress

g. humiliation, mortification, and embarrassment

h. sleeplessness and anxiety

i. other damages that may arise during the course of discovery and the course of this trial

### Count II: Intentional Infliction of Emotional Distress

33. Plaintiff incorporates by reference paragraphs 1 through 32.

34. Defendants HD and Citi's conduct as outlined above was intentional

35. Defendants HD and Citi's conduct as outlined above was extreme, outrageous, and of a character not to be tolerated by a civilized society.

36. Defendants HD and Citi's conduct as outlined above was for an ulterior motive or purpose.

37. Defendants HD and Citi's conduct resulted in severe and serious emotional distress.

38. As a direct and proximate result of Defendants HD and Citi's conduct, Plaintiff has been damaged in the manner outlined above.

## COUNT III: TORTIOUS INTERFERENCE

39. Plaintiff incorporates by reference paragraphs 1 through 38.

40. The relationships and expectancies among Plaintiff, his businesses, his auto lender, his home and business lenders, his vendors and suppliers and other credit lending partners, as well as multiple credit bureaus had a reasonable likelihood of future economic benefit for Plaintiff.

41. Defendants HD and Citi knew of the contracts, relationships and expectancies between Plaintiff, credit bureaus, and other lending partners.

42. By Defendants HD and Citi's false publishing that Mr. Vaishnav had defaulted on a more than $7,000 credit balance, Defendants HD and Citi intentionally and improperly interfered with the contracts and relationships and expectancies between Plaintiff and credit bureaus, because Defendants HD and Citi caused her credit score to drop by 90 points.

43. The defamation did interfere with the contracts and relationships and expectancies and credit score, causing their breach, disruption, or termination.

44. As a direct and proximate result of Defendants HD and Citi's wrongful conduct, Plaintiff has suffered substantial economic injury, loss of goodwill, harm to his credit score, loss of esteem and standing in the community, and loss of loan opportunities.

## COUNT IV: FRAUDULENT MISREPRESENTATION

45.  Plaintiff incorporates by reference paragraphs 1 through 44.

46.  Defendants HD and Citi intentionally made false representations of material facts to the credit reporting agencies that Defendants HD and Citi had defaulted on a more than $7,000 credit balance, as set forth in the preceding paragraphs.

47.  Defendants HD and Citi's representations were false when they were made.

48.  Defendants HD and Citi made these representations recklessly, without knowing whether they were true.

49.  Defendants HD and Citi intended that Plaintiff's lenders and partners would rely on the representations.

50.  These lenders, partners and credit reporting agencies relied on Defendants HD and Citi's false representations regarding the default placed on Plaintiff's account.

51.  As a result of Defendants HD and Citi t's fraudulent misrepresentations, Plaintiff has suffered substantial economic losses.

## COUNT V: NEGLIGENT MISPREPRESENTATION

52.  Plaintiff incorporates by reference paragraphs 1 through 51.

53.  Defendants HD and Citi made a material misrepresentation when it stated that Mr. Vaishnav had defaulted on a more than $7,000 credit balance.

54.  The representations were false.

55.  Defendants HD and Citi were negligent in making the misrepresentations,

i.e. Defendants HD and Citi breached a business or professional duty of care to provide accurate information to the Credit Reporting Agencies.

56. Plaintiff suffered damages as a result.

## COUNT VII: BREACH OF FIDUCIARY AND STATUTORY DUTIES

57. Plaintiff incorporates by reference paragraphs 1 through 57.

58. Plaintiff entrusted Defendant Pingora with his sensitive, private information in the course of Pingora's servicing of Plaintiff's loan.

59. Plaintiff entrusted Defendant Pingora with (and Defendant Pingora undertook to retain and make use of) Plaintiff's "name, address, loan number, and Social Security number".

60. Defendant Pingora otherwise undertook and agreed to service Plaintiff's loan and retain Plaintiff's data on its servers.

61. Defendant assumed a fiduciary relationship with respect to Plaintiff by operation of the agreement as Plaintiff's loan servicer and by retaining and making use of Plaintiff's "name, address, loan number, and Social Security number"

62. Defendant Pingora released Plaintiff's information it to an "unauthorized person [who] obtained access to files on our file storage servers from October 27, 2021 to December 7, 2021."

63. Defendant Pingora did not have a sufficient process or policies in place to prevent such cyberattack, which is evident by its own statements that it has

"already implemented changes to prevent this specific issue from happening again.

64. Despite having knowledge of the attack since at least December 2021, it is believed Defendant Pingora did not notify its affected clients until September 2022 of the potentially compromised data.

65. Defendant Pingora had obligations created by federal law, contracts, industry standards, common law, and privacy representations made to Plaintiff, to keep their Private Information confidential and to protect it from unauthorized access and disclosure.

66. Plaintiff provided their Private Information to Defendant Pingora with the reasonable expectation and mutual understanding that Defendant Pingora would comply with their obligations to keep such information confidential and secure from unauthorized access.

67. Defendant Pingora's data security obligations were particularly important given the substantial increase in cyberattacks and/or data breaches in its client's various industries preceding the date of the breach.

68. Indeed, cyberattacks have become so notorious that the Federal Bureau of Investigation ("FBI") and U.S. Secret Service have issued a warning to potential targets so they are aware of, and prepared for, a potential attack.

69. The increase in such attacks, and attendant risk of future attacks, was widely known to the public and to anyone in Defendant Pingora's industry, including by Defendant Pingora's own admissions in its September 2022 Letter

70. Defendant Pingora breached its obligations to Plaintiff and/or was otherwise negligent and reckless because it failed to properly maintain and safeguard Defendant Pingora's computer systems and data. Defendant Pingora's unlawful conduct includes, but is not limited to, the following acts and/or omissions:

    a. Failing to maintain an adequate data security system to reduce the risk of data breaches and cyber-attacks;

    b. Failing to adequately protect patients' Private Information;

    c. Failing to properly monitor their own data security systems for existing intrusions;

    d. Failing to timely notify its Clients, Plaintiff of the data breach; and

    e. In other such ways to be discovered

### Count VIII NEGLIGENCE

71. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 70 above, as if fully set forth herein.

72. Defendant Pingora's Clients required Plaintiff to submit non-public personal information in order to obtain loan services. Defendant Pingora had a duty to its Clients and to Plaintiff to securely maintain the Private Information collected.

73. By accepting the duty to maintain and secure this data in its computer property, and sharing it and using it for commercial gain, Defendant Pingora had a duty of care to use reasonable means to secure and safeguard its computer property—and Plaintiff's Private Information held within it—to prevent disclosure of the information, and to safeguard the information from theft. Defendant Pingora's duty included a responsibility to implement processes by which it could detect a breach of its security systems in a

reasonably expeditious period of time and to give prompt notice to those affected in the case of a data breach and/or ransomware attack.

74. Defendant Pingora owed a duty of care to Plaintiff to provide data security consistent with industry standards and other requirements discussed herein, and to ensure that its systems and networks, and the personnel responsible for them, adequately protected the Private Information.

75. Defendant Pingora's duty of care to use reasonable security measures arose as a result of the special relationship that existed between Defendant Pingora and its Clients and Users, which is recognized by Defendants September 2022 Letter, as well as laws and regulations.

76. Defendant Pingora was in a position to ensure that its systems were sufficient to protect against the foreseeable risk of harm to Plaintiff from a ransomware attack and/or data breach.

77. Defendant Pingora had a specific duty to employ reasonable security measures under Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, which prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair practice of failing to use reasonable measures to protect confidential data.

78. Defendant Pingora's duty to use reasonable care in protecting confidential data arose not only as a result of the statutes and regulations described above, but also because Defendant Pingora is bound by industry standards to protect confidential Private Information.

79. Defendant Pingora breached its duties, and thus was negligent, by failing to use reasonable measures to protect Plaintiff' Private Information. The specific negligent acts

and omissions committed by Defendant Pingora include, but are not limited to, the following:

    a.  Failing to adopt, implement, and maintain adequate security measures to safeguard Plaintiff' Private Information;

    b.  Failing to adequately monitor the security of their networks and systems;

    c.  Failure to periodically ensure that their email system had plans in place to maintain reasonable data security safeguards;

    d.  Allowing unauthorized access to Plaintiff' Private Information;

    e.  Failing to detect in a timely manner that Plaintiff' Private Information had been compromised; and

    f.  Failing to timely notify Plaintiff about the Breach so that they could take appropriate steps to mitigate the potential for identity theft and other damages.

80.  It was foreseeable that Defendant Pingora's failure to use reasonable measures to protect Plaintiff' Private Information would result in injury to Plaintiff. Further, the breach of security was reasonably foreseeable given the known high frequency of ransomware attacks and data breaches in the Clients' various industries.

81.  It was therefore foreseeable that the failure to adequately safeguard Plaintiff's Private Information would result in one or more types of injuries to Plaintiff.

82.  Plaintiff are entitled to compensatory and consequential damages suffered as a result of the Data Breach.

83.  Plaintiff are also entitled to injunctive relief requiring Defendant to, e.g., (i) strengthen its data security systems and monitoring procedures; (ii) submit to future annual audits

of those systems and monitoring procedures; and (iii) immediately provide adequate credit monitoring to all Plaintiff.

## Count IX: WRONGFUL INTRUSION INTO PRIVATE AFFAIRS/INVASION OF PRIVACY

84. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 83, as if fully set forth herein.

85. The State of Michigan recognizes the tort of wrongful intrusion, and the Supreme Court has indicated that it consists of a wrongful intrusion into one's private activities, in such manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.

86. Plaintiff had a reasonable expectation of privacy, and freedom from exposure, in the Private Information Defendant Pingora mishandled.

87. Defendant Pingora's conduct as alleged above intruded upon Plaintiff' private aspects under common law.

88. Defendant Pingora's intrusion was substantial and unreasonable enough to be legally cognizable, in that the reasonable expectation of persons of normal and ordinary sensibilities, including Plaintiff, is that the Private Information disclosed to Defendant Pingora's Clients would be properly maintained and secured.

89. By failing to keep Plaintiff's Private Information safe, and by misusing and/or disclosing said information to unauthorized parties for unauthorized use, Defendant Pingora intentionally invaded Plaintiff's and Plaintiff' privacy by:

    a. Intentionally and substantially intruding into Plaintiff's and Plaintiff' private affairs in a manner that identifies Plaintiff and that would be highly offensive and objectionable to an ordinary person; and

    b. Intentionally publicizing private facts about Plaintiff, which is highly offensive and objectionable to an ordinary person; and

    c. Intentionally causing anguish or suffering to Plaintiff.

90. Defendant knew that an ordinary person in Plaintiff's position would consider Defendant's intentional actions highly offensive and objectionable

91. Defendant Pingora invaded Plaintiff's and Plaintiff' right to privacy and intruded into Plaintiff's and Plaintiff' private affairs by intentionally misusing and/or disclosing their Private Information without their informed, voluntary, affirmative, and clear consent.

92. Defendant Pingora intentionally concealed from Plaintiff an incident that misused and/or disclosed their Private information without their informed, voluntary, affirmative, and clear consent.

93. As a proximate result of such intentional misuse and disclosures, Plaintiff's and Plaintiff' reasonable expectations of privacy in their Private Information was unduly frustrated and thwarted.

94. Defendant Pingora's conduct amounted to a substantial and serious invasion of Plaintiff's and Plaintiff' protected privacy interests causing anguish and suffering such that an ordinary person would consider Defendant's intentional actions or inaction highly offensive and objectionable.

95. In failing to protect Plaintiff's Private Information, and in intentionally misusing and/or disclosing their Private Information, Defendant Pingora acted with intentional malice and

oppression and in conscious disregard of Plaintiff's and Plaintiff' rights to have such information kept confidential and private. Plaintiff, therefore, seeks an award of damages.

PLAINTIFF REQUESTS that this court enter judgment in his favor against Defendant in an amount exceeding $100,000 dollars, together with costs, interest, ,exemplary damages, and attorney's fees as permitted by Michigan law and principles of Equity and award Plaintiff other further interim and final relief, including monetary damages and costs, as justice and equity require.

Respectfully submitted:

Shawn L. Desai, Managing Attorney
Desai Legal Services PLLC
6450 Maple Road
West Bloomfield, Michigan 48322
Cell: (810)-355-6134
Shawn@DesaiLegalServices.com
*Attorney for Plaintiff*

Approved, SCAO

| | Original - Court<br>1st Copy- Defendant | 2nd Copy – Plaintiff<br>3rd Copy -Return |
|---|---|---|

| **STATE OF MICHIGAN**<br>**THIRD JUDICIAL CIRCUIT**<br>**WAYNE COUNTY** | **SUMMONS** | **CASE NO.**<br>**23-001399-CB**<br>**Hon. Annette J. Berry** |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226         Court telephone no.: 313-224-4679

| Plaintiff's name(s), address(es), and telephone no(s)<br>Vaishnav, Dhaval | v | Defendant's name(s), address(es), and telephone no(s).<br>Home Depot USA, Inc. |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br><br>Shawn Lowe Desai 81845<br>6450 Farmington Rd<br>West Bloomfield, MI 48322-4455 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>1/31/2023 | Expiration date*<br>5/2/2023 | Court clerk<br>Laverne Chapman |
|---|---|---|

                  Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)       **SUMMONS**       MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| STATE OF MICHIGAN<br>3rd JUDICIAL CIRCUIT<br>COUNTY OF WAYNE | VERIFICATION OF<br>BUSINESS COURT ELIGIBILITY<br>AND NOTICE OF ASSIGNMENT | CASE NO.<br><br>-CB |
|---|---|---|

Court address: 2 Woodward Ave., Detroit, MI 48226

| Plaintiff(s)<br>Dhaval Vaishnav<br>1811 Steeplechase<br>Canton, Michigan 48188 | v | Defendant(s)<br>Home Depot USA, Inc., The Home Depot, Inc.<br>Pingora Loan Servicing, LLC,<br>And Citigroup, Inc. |
|---|---|---|

I am the attorney for the [check one] ☑ plaintiff ☐ defendant and per *MCR 2.114(B)(2) and MCR 2.114(D)* declare to the best of my information, knowledge, and belief that this case meets the statutory requirements to be assigned to the business court, *MCR 2.112(O),MCL 600.8031 et seq.*, and request assignment to the Business Court for the following reasons:

**[*Both Sections 1 and 2 must be completed to be accepted by the Court (check all that apply)*]**

1. **Parties.** This is a qualifying business or commercial dispute as defined by *MCL 600.8031(1)(c)* because,

☐ all of the parties are business enterprises

☑ one or more of the parties is a business enterprise and the other parties are its or their present or former owners, managers, shareholders, members, directors, officers, agents, employees, suppliers, or competitors, and the claims arise out of those relationships

☐ one of the parties is a non-profit organization, and the claims arise out of that party's organizational structure, governance, or finances

☐ It is an action involving the sale, merger, purchase, combination, dissolution, liquidation, organizational structure, governance, or finances of a business enterprise.

**AND**

2. **Actions.** This business or commercial action as defined by *MCL 600.8031(2)* involves,

☐ information technology, software, or website development, maintenance, or hosting

☐ the internal organization of business entities and the rights or obligations of shareholders, partners, members, owners, officers, directors, or managers

☐ contractual agreements or other business dealings, including licensing, trade secret, intellectual property, antitrust, securities, noncompete, nonsolicitation, and confidentiality agreements if all available administrative remedies are completely exhausted, including but not limited to, alternative dispute resolution processes prescribed in the agreements

☑ commercial transaction, including commercial bank transactions

☐ business or commercial insurance policies

☐ commercial real property

☐ other type of business or commercial dispute (explain):

| 01/25/2023 | Shawn Lowe Desai | Digitally signed by Shawn Lowe Desai<br>Date: 2023.01.25 17:45:54 -05'00' |
|---|---|---|
| Date | Signature | |
| | Shawn Desai | P81845 |
| | Name (type or print) | Bar no. |

23-001399-CB FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   1/31/2023 12:08 PM   Laverne Chapman

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE THIRD CIRCUIT
## CIVIL DIVISION

Dhaval Vaishnav

    Plaintiff

v.

Home Depot USA, Inc., The Home Depot, Inc.
Pingora Loan Servicing, LLC,
And Citigroup, Inc.

    Defendants

Case Number:    -CB
Honorable

**COMPLAINT**

**JURY DEMANDED**

---

DESAI LEGAL SERVICES PLLC
Attorneys for Plaintiff
Shawn L. Desai (P81845)
6450 Farmington Road
West Bloomfield, Michigan 48322
Tel: (810)-355-6134
Fax: 833.465.1098
Shawn@DesaiLegalServices.com

### COMPLAINT

*This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.*

*There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.*

**NOW COMES** the Plaintiff, Dhaval Vaishnav (hereafter "Plaintiff"), by and through his attorney, SHAWN L. DESAI, and for his Complaint, states as follows:

### Jurisdiction

1. This court has subject matter jurisdiction because this case is a civil action in which the amount in controversy is $25,000 or more.

2.  This court has limited personal jurisdiction over Defendant The Home Depot, Inc. and Home Depot USA, Inc. (hereafter collectively referred to as "HD") under MCL 600.715 because HD are a foreign corporations registered with the State of Michigan that transacts extensive and systematic consumer-retail goods business in the state of Michigan.

3.  This court has limited personal jurisdiction over Defendant Citigroup Inc. (hereafter "Citi") under MCL 600.715 because Citi is a foreign corporation registered with the State of Michigan that transacts extensive and systematic banking business in the state of Michigan.

4.  This court has limited personal jurisdiction over Defendant Pingora Loan Servicing, LLC. (hereafter "Pingora") under MCL 600.715 because Pingora is a foreign corporation registered with the State of Michigan that transacts loan servicing business in the state of Michigan

## Venue

5.  Venue is proper under MCL 600.1621 because HDE has at least 13 places of business in Wayne County and Citigroup, Inc. and its subsidiary-agents have at least 10 places of business in Wayne County.

## Parties

6.  Plaintiff Dhaval Vaishnav is an individual, and is now, and at all times mentioned, a resident of the City of Canton, County of Wayne, State of Michigan.

7.  Defendant Citigroup, Inc. is a Delaware Corporation conducting business throughout Michigan with dozens of branches in Wayne County, Michigan.

8.  Defendant The Home Depot, Inc. is a Delaware Corporation conducting business throughout Michigan with dozens of places of business in Wayne County, Michigan.

9.  Defendant Home Depot USA is a Delaware Corporation conducting business throughout Michigan with dozens of places of business in Wayne County, Michigan.

10. Pingora Loan Servicing, LLC is a Delaware Corporation conducting business throughout Michigan.

## Factual Background[1]

11. On September 20, 2022, Plaintiff Dhaval Vaishnav received a letter from Ron Bendalin, Chief Compliance Officer of Pingora, written on Pingora's behalf.

12. In the Sept. 20 letter, Pingora revealed that it had misappropriated Mr. Vaishanv's personal information including "name, address, loan number, and Social Security number", releasing it to an "unauthorized person [who] obtained access to files on our file  storage servers from October 27, 2021 to December 7, 2021."

---

[1] All statements made herein are averred on information and belief available at the time of the drafting of the complaint, and we're made after an investigation that was reasonable under prevailing circumstances. These averments are subject to change as additional information becomes available.

13. Shortly after Pingora's letter, on October 2, 2022, Mr. Vaishnav received a credit card (number ending in 4741) from HD and Citi that he had never applied for, requested, nor sought.

14. Immediately after receiving this credit card, Mr. Vaishnav contacted HD to notify them that Mr. Vaishnav had never applied for, requested, nor sought this credit card.

15. Mr. Vaishnav then filed a police report with the Canton Township Police.

16. After notifying HD on October 2nd, Mr. Vaishnav received a credit card statement from HD and Citi with an amount due of $7,783.41 indicating that some unauthorized person had charged the Citi HD credit card in $7,783.41 at HD's locations in Allen Park and Madison Heights.

17. Mr. Vaishnav immediately called HD and Citi and notified them that he nor any of his friends or family members ever opened a credit card nor purchased anything from Home Depot in Allen Park or Madison Heights.

18. Mr. Vaishnav called HD and Citi on five occasions spanning from October to January 2023 to further notify them that these transactions were fraudulent and the balance was fraudulent.

19. HD opened up an "investigation" in November 2022.

20. In December 2022, Dhaval Vaishnav retained undersigned Counsel and undersigned Counsel faxed the police report and additional information that the transactions were fraudulent and the credit card balance was fraudulent.

21.    On December 6, 2022, HD issued a letter to Dhaval Vaishnav stating that "We have completed our investigation regarding your claim this account was fraudulently opened using personal information. Based on our review, we have determined that you are responsible for the account and charges in question... If the account has a balance, you remain responsible for repayment of the outstanding balance and will continue to receive monthly statements until the balance is completely paid. We want to remind you that we may report the account as past due to the consumer reporting agencies listed below if we do not receive the payment by the due date shown on your billing statement... Equifax Credit Information Service...Experian...TransUnion LLC."

22.    Mr. Vaishnav continued to notify and provide documentation and details that credit card transactions were fraudulent and the balance was fraudulent.

23.    Then on January 18, 2023, Mr. Vaishnav received a notification from the Credit Reporting Agencies via Chase Bank that his credit score had been reduced by 90 points, i.e. from 822 to 732.

24.    Upon further inspection, Mr. Vaishnav discovered that HD and Citi had reported to the Credit Reporting Agencies that Mr. Vaishnav had defaulted on a credit card with a balance of $7,783.

25.    HD and Citi were exhaustively informed that the credit card transactions were fraudulent, and the balance was fraudulent and therefore that the

information that they furnished to the Credit Reporting Agencies was false, defamatory, harmful, reckless, and fraudulent.

26. Mr. Vaishnav's credit was damaged, and Mr. Vaishnav was not able to secure a loan on his January 2023 purchase of a BMW vehicle on the terms he otherwise would have had HD and Citi not fraudulently reported the false information. Additionally, Mr. Vaishnav was not able to secure a loan on a real property in Chicago on the terms he otherwise would have had HD and Citi not fraudulently reported the false information.

27. Further, the default alleged by HD and Citi also potentially or arguably triggered technical default on a $2.2 million loan and associatedfederal SBA loan.

## Count I: Defamation (Libel and Slander)

28. Plaintiff incorporates by reference paragraphs 1 through 27.

29. The accusations that Plaintiff opened a credit card account with HD and Citi and charged transactions amounting to $7,783.41 and subsequently defaulted were false.

30. Defendants HD and Citi published the remarks to third parties with knowledge of the falsity of the statements or in reckless disregard of their truth or falsity.

31. The publication was not privileged.

32. The publication of these remarks has resulted in damage to Plaintiffs' reputation in the community and economic loss, including, but not limited to, the following:

    a. Loss of credit opportunities

  b. Increased cost of financing and borrowing on new loans and existing loans

  c. Potential loss of financed assets including Mr. Vaishnav's grocery store, home and vehicles;

  d. Damage to business reputation and the creditworthiness of his businesses;

  e. loss of job opportunities

  f. emotional distress

  g. humiliation, mortification, and embarrassment

  h. sleeplessness and anxiety

  i. other damages that may arise during the course of discovery and the course of this trial

### Count II: Intentional Infliction of Emotional Distress

33. Plaintiff incorporates by reference paragraphs 1 through 32.

34. Defendants HD and Citi's conduct as outlined above was intentional

35. Defendants HD and Citi's conduct as outlined above was extreme, outrageous, and of a character not to be tolerated by a civilized society.

36. Defendants HD and Citi's conduct as outlined above was for an ulterior motive or purpose.

37. Defendants HD and Citi's conduct resulted in severe and serious emotional distress.

38. As a direct and proximate result of Defendants HD and Citi's conduct, Plaintiff has been damaged in the manner outlined above.

## COUNT III: TORTIOUS INTERFERENCE

39. Plaintiff incorporates by reference paragraphs 1 through 38.

40. The relationships and expectancies among Plaintiff, his businesses, his auto lender, his home and business lenders, his vendors and suppliers and other credit lending partners, as well as multiple credit bureaus had a reasonable likelihood of future economic benefit for Plaintiff.

41. Defendants HD and Citi knew of the contracts, relationships and expectancies between Plaintiff, credit bureaus, and other lending partners.

42. By Defendants HD and Citi's false publishing that Mr. Vaishnav had defaulted on a more than $7,000 credit balance, Defendants HD and Citi intentionally and improperly interfered with the contracts and relationships and expectancies between Plaintiff and credit bureaus, because Defendants HD and Citi caused her credit score to drop by 90 points.

43. The defamation did interfere with the contracts and relationships and expectancies and credit score, causing their breach, disruption, or termination.

44. As a direct and proximate result of Defendants HD and Citi's wrongful conduct, Plaintiff has suffered substantial economic injury, loss of goodwill, harm to his credit score, loss of esteem and standing in the community, and loss of loan opportunities.

## COUNT IV: FRAUDULENT MISREPRESENTATION

45. Plaintiff incorporates by reference paragraphs 1 through 44.

46. Defendants HD and Citi intentionally made false representations of material facts to the credit reporting agencies that Defendants HD and Citi had defaulted on a more than $7,000 credit balance, as set forth in the preceding paragraphs.

47. Defendants HD and Citi's representations were false when they were made.

48. Defendants HD and Citi made these representations recklessly, without knowing whether they were true.

49. Defendants HD and Citi intended that Plaintiff's lenders and partners would rely on the representations.

50. These lenders, partners and credit reporting agencies relied on Defendants HD and Citi's false representations regarding the default placed on Plaintiff's account.

51. As a result of Defendants HD and Citi t's fraudulent misrepresentations, Plaintiff has suffered substantial economic losses.

## COUNT V: NEGLIGENT MISPREPRESENTATION

52. Plaintiff incorporates by reference paragraphs 1 through 51.

53. Defendants HD and Citi made a material misrepresentation when it stated that Mr. Vaishnav had defaulted on a more than $7,000 credit balance.

54. The representations were false.

55. Defendants HD and Citi were negligent in making the misrepresentations,

i.e. Defendants HD and Citi breached a business or professional duty of care to provide accurate information to the Credit Reporting Agencies.

56. Plaintiff suffered damages as a result.

## COUNT VII: BREACH OF FIDUCIARY AND STATUTORY DUTIES

57. Plaintiff incorporates by reference paragraphs 1 through 57.

58. Plaintiff entrusted Defendant Pingora with his sensitive, private information in the course of Pingora's servicing of Plaintiff's loan.

59. Plaintiff entrusted Defendant Pingora with (and Defendant Pingora undertook to retain and make use of) Plaintiff's "name, address, loan number, and Social Security number".

60. Defendant Pingora otherwise undertook and agreed to service Plaintiff's loan and retain Plaintiff's data on its servers.

61. Defendant assumed a fiduciary relationship with respect to Plaintiff by operation of the agreement as Plaintiff's loan servicer and by retaining and making use of Plaintiff's "name, address, loan number, and Social Security number"

62. Defendant Pingora released Plaintiff's information it to an "unauthorized person [who] obtained accress to files on our file storage servers from October 27, 2021 to December 7, 2021."

63. Defendant Pingora did not have a sufficient process or policies in place to prevent such cyberattack, which is evident by its own statements that it has

"already implemented changes to prevent this specific issue from happening again.

64. Despite having knowledge of the attack since at least December 2021, it is believed Defendant Pingora did not notify its affected clients until September 2022 of the potentially compromised data.

65. Defendant Pingora had obligations created by federal law, contracts, industry standards, common law, and privacy representations made to Plaintiff, to keep their Private Information confidential and to protect it from unauthorized access and disclosure.

66. Plaintiff provided their Private Information to Defendant Pingora with the reasonable expectation and mutual understanding that Defendant Pingora would comply with their obligations to keep such information confidential and secure from unauthorized access.

67. Defendant Pingora's data security obligations were particularly important given the substantial increase in cyberattacks and/or data breaches in its client's various industries preceding the date of the breach.

68. Indeed, cyberattacks have become so notorious that the Federal Bureau of Investigation ("FBI") and U.S. Secret Service have issued a warning to potential targets so they are aware of, and prepared for, a potential attack.

69. The increase in such attacks, and attendant risk of future attacks, was widely known to the public and to anyone in Defendant Pingora's industry, including by Defendant Pingora's own admissions in its September 2022 Letter

70. Defendant Pingora breached its obligations to Plaintiff and/or was otherwise negligent and reckless because it failed to properly maintain and safeguard Defendant Pingora's computer systems and data. Defendant Pingora's unlawful conduct includes, but is not limited to, the following acts and/or omissions:

   a. Failing to maintain an adequate data security system to reduce the risk of data breaches and cyber-attacks;

   b. Failing to adequately protect patients' Private Information;

   c. Failing to properly monitor their own data security systems for existing intrusions;

   d. Failing to timely notify its Clients, Plaintiff of the data breach; and

   e. In other such ways to be discovered

## Count VIII NEGLIGENCE

71. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 70 above, as if fully set forth herein.

72. Defendant Pingora's Clients required Plaintiff to submit non-public personal information in order to obtain loan services. Defendant Pingora had a duty to its Clients and to Plaintiff to securely maintain the Private Information collected.

73. By accepting the duty to maintain and secure this data in its computer property, and sharing it and using it for commercial gain, Defendant Pingora had a duty of care to use reasonable means to secure and safeguard its computer property—and Plaintiff's Private Information held within it—to prevent disclosure of the information, and to safeguard the information from theft. Defendant Pingora's duty included a responsibility to implement processes by which it could detect a breach of its security systems in a

reasonably expeditious period of time and to give prompt notice to those affected in the case of a data breach and/or ransomware attack.

74. Defendant Pingora owed a duty of care to Plaintiff to provide data security consistent with industry standards and other requirements discussed herein, and to ensure that its systems and networks, and the personnel responsible for them, adequately protected the Private Information.

75. Defendant Pingora's duty of care to use reasonable security measures arose as a result of the special relationship that existed between Defendant Pingora and its Clients and Users, which is recognized by Defendants September 2022 Letter, as well as laws and regulations.

76. Defendant Pingora was in a position to ensure that its systems were sufficient to protect against the foreseeable risk of harm to Plaintiff from a ransomware attack and/or data breach.

77. Defendant Pingora had a specific duty to employ reasonable security measures under Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, which prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair practice of failing to use reasonable measures to protect confidential data.

78. Defendant Pingora's duty to use reasonable care in protecting confidential data arose not only as a result of the statutes and regulations described above, but also because Defendant Pingora is bound by industry standards to protect confidential Private Information.

79. Defendant Pingora breached its duties, and thus was negligent, by failing to use reasonable measures to protect Plaintiff' Private Information. The specific negligent acts

and omissions committed by Defendant Pingora include, but are not limited to, the following:

    a.  Failing to adopt, implement, and maintain adequate security measures to safeguard Plaintiff' Private Information;

    b.  Failing to adequately monitor the security of their networks and systems;

    c.  Failure to periodically ensure that their email system had plans in place to maintain reasonable data security safeguards;

    d.  Allowing unauthorized access to Plaintiff' Private Information;

    e.  Failing to detect in a timely manner that Plaintiff' Private Information had been compromised; and

    f.  Failing to timely notify Plaintiff about the Breach so that they could take appropriate steps to mitigate the potential for identity theft and other damages.

80.  It was foreseeable that Defendant Pingora's failure to use reasonable measures to protect Plaintiff' Private Information would result in injury to Plaintiff. Further, the breach of security was reasonably foreseeable given the known high frequency of ransomware attacks and data breaches in the Clients' various industries.

81.  It was therefore foreseeable that the failure to adequately safeguard Plaintiff's Private Information would result in one or more types of injuries to Plaintiff.

82.  Plaintiff are entitled to compensatory and consequential damages suffered as a result of the Data Breach.

83.  Plaintiff are also entitled to injunctive relief requiring Defendant to, e.g., (i) strengthen its data security systems and monitoring procedures; (ii) submit to future annual audits

of those systems and monitoring procedures; and (iii) immediately provide adequate credit monitoring to all Plaintiff.

## Count IX: WRONGFUL INTRUSION INTO PRIVATE AFFAIRS/INVASION OF PRIVACY

84. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 83, as if fully set forth herein.

85. The State of Michigan recognizes the tort of wrongful intrusion, and the Supreme Court has indicated that it consists of a wrongful intrusion into one's private activities, in such manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.

86. Plaintiff had a reasonable expectation of privacy, and freedom from exposure, in the Private Information Defendant Pingora mishandled.

87. Defendant Pingora's conduct as alleged above intruded upon Plaintiff' private aspects under common law.

88. Defendant Pingora's intrusion was substantial and unreasonable enough to be legally cognizable, in that the reasonable expectation of persons of normal and ordinary sensibilities, including Plaintiff, is that the Private Information disclosed to Defendant Pingora's Clients would be properly maintained and secured.

89. By failing to keep Plaintiff's Private Information safe, and by misusing and/or disclosing said information to unauthorized parties for unauthorized use, Defendant Pingora intentionally invaded Plaintiff's and Plaintiff' privacy by:

    a.  Intentionally and substantially intruding into Plaintiff's and Plaintiff' private affairs in a manner that identifies Plaintiff and that would be highly offensive and objectionable to an ordinary person; and

    b.  Intentionally publicizing private facts about Plaintiff, which is highly offensive and objectionable to an ordinary person; and

    c.  Intentionally causing anguish or suffering to Plaintiff.

90. Defendant knew that an ordinary person in Plaintiff's position would consider Defendant's intentional actions highly offensive and objectionable

91. Defendant Pingora invaded Plaintiff's and Plaintiff' right to privacy and intruded into Plaintiff's and Plaintiff' private affairs by intentionally misusing and/or disclosing their Private Information without their informed, voluntary, affirmative, and clear consent.

92. Defendant Pingora intentionally concealed from Plaintiff an incident that misused and/or disclosed their Private information without their informed, voluntary, affirmative, and clear consent.

93. As a proximate result of such intentional misuse and disclosures, Plaintiff's and Plaintiff' reasonable expectations of privacy in their Private Information was unduly frustrated and thwarted.

94. Defendant Pingora's conduct amounted to a substantial and serious invasion of Plaintiff's and Plaintiff' protected privacy interests causing anguish and suffering such that an ordinary person would consider Defendant's intentional actions or inaction highly offensive and objectionable.

95. In failing to protect Plaintiff's Private Information, and in intentionally misusing and/or disclosing their Private Information, Defendant Pingora acted with intentional malice and

oppression and in conscious disregard of Plaintiff's and Plaintiff' rights to have such information kept confidential and private. Plaintiff, therefore, seeks an award of damages.

PLAINTIFF REQUESTS that this court enter judgment in his favor against Defendant in an amount exceeding $100,000 dollars, together with costs, interest, ,exemplary damages, and attorney's fees as permitted by Michigan law and principles of Equity and award Plaintiff other further interim and final relief, including monetary damages and costs, as justice and equity require.

Respectfully submitted:

Shawn L. Desai, Managing Attorney
Desai Legal Services PLLC
6450 Maple Road
West Bloomfield, Michigan 48322
Cell: (810)-355-6134
Shawn@DesaiLegalServices.com
*Attorney for Plaintiff*

**Desai**
Legal Services PLLC

Potomac Office Building
6450 Farmington Road
West Bloomfield, Michigan 48322



7022 2410 0001 4208 5475



U.S. POSTAGE PAID
WEST BLOOMFIELD, MI
48322
JAN 31 '23
AMOUNT
**$9.48**
R2306K131778-10

ROC 99     19808

**Desai**
Legal Services, PLLC

HOME DEPOT U.S.A., INC
CORPORATION SERVICE COMPANY
251 LITTLE FALLS DRIVE
WILMINGTON, DE 19808



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 26342295**
**Date Processed: 02/07/2023**

| | |
|---|---|
| **Primary Contact:** | Mary Parker<br>Pingora<br>1819 Wazee St<br>Fl 2<br>Denver, CO 80202-1782 |
| **Electronic copy provided to:** | Ron Bendalin |

| | |
|---|---|
| **Entity:** | Pingora Loan Servicing, LLC<br>Entity ID Number 3735745 |
| **Entity Served:** | Pingora Loan Servicing, LLC |
| **Title of Action:** | Dhaval Vaishnav vs. Home Depot USA, Inc. |
| **Matter Name/ID:** | Dhaval Vaishnav vs. Home Depot USA, Inc. (13583054) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Others |
| **Court/Agency:** | 3rd Circuit Court, MI |
| **Case/Reference No:** | 23-001399-CB |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 02/06/2023 |
| **Answer or Appearance Due:** | 28 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Desai Legal Services PLLC<br>810-355-6134 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

Approved, SCAO

| | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|
| **STATE OF MICHIGAN**<br>**THIRD JUDICIAL CIRCUIT**<br>**WAYNE COUNTY** | **SUMMONS** | **CASE NO.**<br>**23-001399-CB**<br>**Hon.Annette J. Berry** |

Court address : 2 Woodward Ave., Detroit MI 48226 | Court telephone no.: 313-224-4679

| Plaintiff's name(s), address(es), and telephone no(s)<br>Vaishnav, Dhaval | v | Defendant's name(s), address(es), and telephone no(s).<br>Pingora Loan Servicing, LLC |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br><br>Shawn Lowe Desai 81845<br>6450 Farmington Rd<br>West Bloomfield, MI 48322-4455 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. | **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a **written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>1/31/2023 | Expiration date*<br>5/2/2023 | Court clerk<br>Laverne Chapman |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)  **SUMMONS**  MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

Laveme Chapman  1/31/2023 12:08 PM  WAYNE COUNTY CLERK  Cathy M. Garrett  FILED IN MY OFFICE  23-001399-CB

| STATE OF MICHIGAN 3rd JUDICIAL CIRCUIT COUNTY OF WAYNE | VERIFICATION OF BUSINESS COURT ELIGIBILITY AND NOTICE OF ASSIGNMENT | CASE NO. -CB |
|---|---|---|

Court address: 2 Woodward Ave., Detroit, MI 48226

| Plaintiff(s) Dhaval Vaishnav 1811 Steeplechase Canton, Michigan 48188 | v | Defendant(s) Home Depot USA, Inc., The Home Depot, Inc. Pingora Loan Servicing, LLC, And Citigroup, Inc. |
|---|---|---|

I am the attorney for the [check one] ☑ plaintiff ☐ defendant and per *MCR 2.114(B)(2) and MCR 2.114(D)* declare to the best of my information, knowledge, and belief that this case meets the statutory requirements to be assigned to the business court, *MCR 2.112(O),MCL 600.8031 et seq.*, and request assignment to the Business Court for the following reasons:

**[Both Sections 1 and 2 must be completed to be accepted by the Court (check all that apply)]**

1. **Parties.** This is a qualifying business or commercial dispute as defined by *MCL 600.8031(1)(c)* because,

☐ all of the parties are business enterprises

☑ one or more of the parties is a business enterprise and the other parties are its or their present or former owners, managers, shareholders, members, directors, officers, agents, employees, suppliers, or competitors, and the claims arise out of those relationships

☐ one of the parties is a non-profit organization, and the claims arise out of that party's organizational structure, governance, or finances

☐ It is an action involving the sale, merger, purchase, combination, dissolution, liquidation, organizational structure, governance, or finances of a business enterprise.

**AND**

2. **Actions.** This business or commercial action as defined by *MCL 600.8031(2)* involves,

☐ information technology, software, or website development, maintenance, or hosting

☐ the internal organization of business entities and the rights or obligations of shareholders, partners, members, owners, officers, directors, or managers

☐ contractual agreements or other business dealings, including licensing, trade secret, intellectual property, antitrust, securities, noncompete, nonsolicitation, and confidentiality agreements if all available administrative remedies are completely exhausted, including but not limited to, alternative dispute resolution processes prescribed in the agreements

☑ commercial transaction, including commercial bank transactions

☐ business or commercial insurance policies

☐ commercial real property

☐ other type of business or commercial dispute (explain):

| 01/25/2023 | Shawn Lowe Desai Digitally signed by Shawn Lowe Desai Date: 2023.01.25 17:45:54 -05'00' |
|---|---|
| Date | Signature |
| | Shawn Desai P81845 |
| | Name (type or print) Bar no. |

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE THIRD CIRCUIT
## CIVIL DIVISION

Dhaval Vaishnav

     Plaintiff

**v.**

Home Depot USA, Inc., The Home Depot, Inc.
Pingora Loan Servicing, LLC,
And Citigroup, Inc.

     Defendants

Case Number:    -CB
Honorable

**COMPLAINT**

**JURY DEMANDED**

DESAI LEGAL SERVICES PLLC
Attorneys for Plaintiff
Shawn L. Desai (P81845)
6450 Farmington Road
West Bloomfield, Michigan 48322
Tel: (810)-355-6134
Fax: 833.465.1098
Shawn@DesaiLegalServices.com

### COMPLAINT

*This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.*

*There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.*

**NOW COMES** the Plaintiff, Dhaval Vaishnav (hereafter "Plaintiff"), by and through his attorney, SHAWN L. DESAI, and for his Complaint, states as follows:

### Jurisdiction

1. This court has subject matter jurisdiction because this case is a civil action in which the amount in controversy is $25,000 or more.

2. This court has limited personal jurisdiction over Defendant The Home Depot, Inc. and Home Depot USA, Inc. (hereafter collectively referred to as "HD") under MCL 600.715 because HD are a foreign corporations registered with the State of Michigan that transacts extensive and systematic consumer-retail goods business in the state of Michigan.

3. This court has limited personal jurisdiction over Defendant Citigroup Inc. (hereafter "Citi") under MCL 600.715 because Citi is a foreign corporation registered with the State of Michigan that transacts extensive and systematic banking business in the state of Michigan.

4. This court has limited personal jurisdiction over Defendant Pingora Loan Servicing, LLC. (hereafter "Pingora") under MCL 600.715 because Pingora is a foreign corporation registered with the State of Michigan that transacts loan servicing business in the state of Michigan

## Venue

5. Venue is proper under MCL 600.1621 because HDE has at least 13 places of business in Wayne County and Citigroup, Inc. and its subsidiary-agents have at least 10 places of business in Wayne County.

## Parties

6. Plaintiff Dhaval Vaishnav is an individual, and is now, and at all times mentioned, a resident of the City of Canton, County of Wayne, State of Michigan.

7.  Defendant Citigroup, Inc. is a Delaware Corporation conducting business throughout Michigan with dozens of branches in Wayne County, Michigan.

8.  Defendant The Home Depot, Inc. is a Delaware Corporation conducting business throughout Michigan with dozens of places of business in Wayne County, Michigan.

9.  Defendant Home Depot USA is a Delaware Corporation conducting business throughout Michigan with dozens of places of business in Wayne County, Michigan.

10. Pingora Loan Servicing, LLC is a Delaware Corporation conducting business throughout Michigan.

### Factual Background[1]

11. On September 20, 2022, Plaintiff Dhaval Vaishnav received a letter from Ron Bendalin, Chief Compliance Officer of Pingora, written on Pingora's behalf.

12. In the Sept. 20 letter, Pingora revealed that it had misappropriated Mr. Vaishanv's personal information including "name, address, loan number, and Social Security number", releasing it to an "unauthorized person [who] obtained access to files on our file  storage servers from October 27, 2021 to December 7, 2021."

---

[1] All statements made herein are averred on information and belief available at the time of the drafting of the complaint, and we're made after an investigation that was reasonable under prevailing circumstances. These averments are subject to change as additional information becomes available.

13. Shortly after Pingora's letter, on October 2, 2022, Mr. Vaishnav received a credit card (number ending in 4741) from HD and Citi that he had never applied for, requested, nor sought.

14. Immediately after receiving this credit card, Mr. Vaishnav contacted HD to notify them that Mr. Vaishnav had never applied for, requested, nor sought this credit card.

15. Mr. Vaishnav then filed a police report with the Canton Township Police.

16. After notifying HD on October 2nd, Mr. Vaishnav received a credit card statement from HD and Citi with an amount due of $7,783.41 indicating that some unauthorized person had charged the Citi HD credit card in $7,783.41 at HD's locations in Allen Park and Madison Heights.

17. Mr. Vaishnav immediately called HD and Citi and notified them that he nor any of his friends or family members ever opened a credit card nor purchased anything from Home Depot in Allen Park or Madison Heights.

18. Mr. Vaishnav called HD and Citi on five occasions spanning from October to January 2023 to further notify them that these transactions were fraudulent and the balance was fraudulent.

19. HD opened up an "investigation" in November 2022.

20. In December 2022, Dhaval Vaishnav retained undersigned Counsel and undersigned Counsel faxed the police report and additional information that the transactions were fraudulent and the credit card balance was fraudulent.

21. On December 6, 2022, HD issued a letter to Dhaval Vaishnav stating that "We have completed our investigation regarding your claim this account was fraudulently opened using personal information. Based on our review, we have determined that you are responsible for the account and charges in question... If the account has a balance, you remain responsible for repayment of the outstanding balance and will continue to receive monthly statements until the balance is completely paid. We want to remind you that we may report the account as past due to the consumer reporting agencies listed below if we do not receive the payment by the due date shown on your billing statement... Equifax Credit Information Service...Experian...TransUnion LLC."

22. Mr. Vaishnav continued to notify and provide documentation and details that credit card transactions were fraudulent and the balance was fraudulent.

23. Then on January 18, 2023, Mr. Vaishnav received a notification from the Credit Reporting Agencies via Chase Bank that his credit score had been reduced by 90 points, i.e. from 822 to 732.

24. Upon further inspection, Mr. Vaishnav discovered that HD and Citi had reported to the Credit Reporting Agencies that Mr. Vaishnav had defaulted on a credit card with a balance of $7,783.

25. HD and Citi were exhaustively informed that the credit card transactions were fraudulent, and the balance was fraudulent and therefore that the

information that they furnished to the Credit Reporting Agencies was false, defamatory, harmful, reckless, and fraudulent.

26. Mr. Vaishnav's credit was damaged, and Mr. Vaishnav was not able to secure a loan on his January 2023 purchase of a BMW vehicle on the terms he otherwise would have had HD and Citi not fraudulently reported the false information. Additionally, Mr. Vaishnav was not able to secure a loan on a real property in Chicago on the terms he otherwise would have had HD and Citi not fraudulently reported the false information.

27. Further, the default alleged by HD and Citi also potentially or arguably triggered technical default on a $2.2 million loan and associated federal SBA loan.

### Count I: Defamation (Libel and Slander)

28. Plaintiff incorporates by reference paragraphs 1 through 27.

29. The accusations that Plaintiff opened a credit card account with HD and Citi and charged transactions amounting to $7,783.41 and subsequently defaulted were false.

30. Defendants HD and Citi published the remarks to third parties with knowledge of the falsity of the statements or in reckless disregard of their truth or falsity.

31. The publication was not privileged.

32. The publication of these remarks has resulted in damage to Plaintiffs' reputation in the community and economic loss, including, but not limited to, the following:

    a. Loss of credit opportunities

b. Increased cost of financing and borrowing on new loans and existing loans

c. Potential loss of financed assets including Mr. Vaishnav's grocery store, home and vehicles;

d. Damage to business reputation and the creditworthiness of his businesses;

e. loss of job opportunities

f. emotional distress

g. humiliation, mortification, and embarrassment

h. sleeplessness and anxiety

i. other damages that may arise during the course of discovery and the course of this trial

**Count II: Intentional Infliction of Emotional Distress**

33. Plaintiff incorporates by reference paragraphs 1 through 32.

34. Defendants HD and Citi's conduct as outlined above was intentional

35. Defendants HD and Citi's conduct as outlined above was extreme, outrageous, and of a character not to be tolerated by a civilized society.

36. Defendants HD and Citi's conduct as outlined above was for an ulterior motive or purpose.

37. Defendants HD and Citi's conduct resulted in severe and serious emotional distress.

38. As a direct and proximate result of Defendants HD and Citi's conduct, Plaintiff has been damaged in the manner outlined above.

## COUNT III: TORTIOUS INTERFERENCE

39. Plaintiff incorporates by reference paragraphs 1 through 38.

40. The relationships and expectancies among Plaintiff, his businesses, his auto lender, his home and business lenders, his vendors and suppliers and other credit lending partners, as well as multiple credit bureaus had a reasonable likelihood of future economic benefit for Plaintiff.

41. Defendants HD and Citi knew of the contracts, relationships and expectancies between Plaintiff, credit bureaus, and other lending partners.

42. By Defendants HD and Citi's false publishing that Mr. Vaishnav had defaulted on a more than $7,000 credit balance, Defendants HD and Citi intentionally and improperly interfered with the contracts and relationships and expectancies between Plaintiff and credit bureaus, because Defendants HD and Citi caused her credit score to drop by 90 points.

43. The defamation did interfere with the contracts and relationships and expectancies and credit score, causing their breach, disruption, or termination.

44. As a direct and proximate result of Defendants HD and Citi's wrongful conduct, Plaintiff has suffered substantial economic injury, loss of goodwill, harm to his credit score, loss of esteem and standing in the community, and loss of loan opportunities.

## COUNT IV: FRAUDULENT MISREPRESENTATION

45. Plaintiff incorporates by reference paragraphs 1 through 44.

46. Defendants HD and Citi intentionally made false representations of material facts to the credit reporting agencies that Defendants HD and Citi had defaulted on a more than $7,000 credit balance, as set forth in the preceding paragraphs.

47. Defendants HD and Citi's representations were false when they were made.

48. Defendants HD and Citi made these representations recklessly, without knowing whether they were true.

49. Defendants HD and Citi intended that Plaintiff's lenders and partners would rely on the representations.

50. These lenders, partners and credit reporting agencies relied on Defendants HD and Citi's false representations regarding the default placed on Plaintiff's account.

51. As a result of Defendants HD and Citi t's fraudulent misrepresentations, Plaintiff has suffered substantial economic losses.

## COUNT V: NEGLIGENT MISPREPRESENTATION

52. Plaintiff incorporates by reference paragraphs 1 through 51.

53. Defendants HD and Citi made a material misrepresentation when it stated that Mr. Vaishnav had defaulted on a more than $7,000 credit balance.

54. The representations were false.

55. Defendants HD and Citi were negligent in making the misrepresentations,

i.e. Defendants HD and Citi breached a business or professional duty of care to provide accurate information to the Credit Reporting Agencies.

56. Plaintiff suffered damages as a result.

## COUNT VII: BREACH OF FIDUCIARY AND STATUTORY DUTIES

57. Plaintiff incorporates by reference paragraphs 1 through 57.

58. Plaintiff entrusted Defendant Pingora with his sensitive, private information in the course of Pingora's servicing of Plaintiff's loan.

59. Plaintiff entrusted Defendant Pingora with (and Defendant Pingora undertook to retain and make use of) Plaintiff's "name, address, loan number, and Social Security number".

60. Defendant Pingora otherwise undertook and agreed to service Plaintiff's loan and retain Plaintiff's data on its servers.

61. Defendant assumed a fiduciary relationship with respect to Plaintiff by operation of the agreement as Plaintiff's loan servicer and by retaining and making use of Plaintiff's "name, address, loan number, and Social Security number"

62. Defendant Pingora released Plaintiff's information it to an "unauthorized person [who] obtained access to files on our file storage servers from October 27, 2021 to December 7, 2021."

63. Defendant Pingora did not have a sufficient process or policies in place to prevent such cyberattack, which is evident by its own statements that it has

"already implemented changes to prevent this specific issue from happening again.

64. Despite having knowledge of the attack since at least December 2021, it is believed Defendant Pingora did not notify its affected clients until September 2022 of the potentially compromised data.

65. Defendant Pingora had obligations created by federal law, contracts, industry standards, common law, and privacy representations made to Plaintiff, to keep their Private Information confidential and to protect it from unauthorized access and disclosure.

66. Plaintiff provided their Private Information to Defendant Pingora with the reasonable expectation and mutual understanding that Defendant Pingora would comply with their obligations to keep such information confidential and secure from unauthorized access.

67. Defendant Pingora's data security obligations were particularly important given the substantial increase in cyberattacks and/or data breaches in its client's various industries preceding the date of the breach.

68. Indeed, cyberattacks have become so notorious that the Federal Bureau of Investigation ("FBI") and U.S. Secret Service have issued a warning to potential targets so they are aware of, and prepared for, a potential attack.

69. The increase in such attacks, and attendant risk of future attacks, was widely known to the public and to anyone in Defendant Pingora's industry, including by Defendant Pingora's own admissions in its September 2022 Letter

70. Defendant Pingora breached its obligations to Plaintiff and/or was otherwise negligent and reckless because it failed to properly maintain and safeguard Defendant Pingora's computer systems and data. Defendant Pingora's unlawful conduct includes, but is not limited to, the following acts and/or omissions:

   a. Failing to maintain an adequate data security system to reduce the risk of data breaches and cyber-attacks;

   b. Failing to adequately protect patients' Private Information;

   c. Failing to properly monitor their own data security systems for existing intrusions;

   d. Failing to timely notify its Clients, Plaintiff of the data breach; and

   e. In other such ways to be discovered

### Count VIII NEGLIGENCE

71. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 70 above, as if fully set forth herein.

72. Defendant Pingora's Clients required Plaintiff to submit non-public personal information in order to obtain loan services. Defendant Pingora had a duty to its Clients and to Plaintiff to securely maintain the Private Information collected.

73. By accepting the duty to maintain and secure this data in its computer property, and sharing it and using it for commercial gain, Defendant Pingora had a duty of care to use reasonable means to secure and safeguard its computer property—and Plaintiff's Private Information held within it—to prevent disclosure of the information, and to safeguard the information from theft. Defendant Pingora's duty included a responsibility to implement processes by which it could detect a breach of its security systems in a

reasonably expeditious period of time and to give prompt notice to those affected in the case of a data breach and/or ransomware attack.

74.   Defendant Pingora owed a duty of care to Plaintiff to provide data security consistent with industry standards and other requirements discussed herein, and to ensure that its systems and networks, and the personnel responsible for them, adequately protected the Private Information.

75.   Defendant Pingora's duty of care to use reasonable security measures arose as a result of the special relationship that existed between Defendant Pingora and its Clients and Users, which is recognized by Defendants September 2022 Letter, as well as laws and regulations.

76.   Defendant Pingora was in a position to ensure that its systems were sufficient to protect against the foreseeable risk of harm to Plaintiff from a ransomware attack and/or data breach.

77.   Defendant Pingora had a specific duty to employ reasonable security measures under Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, which prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair practice of failing to use reasonable measures to protect confidential data.

78.   Defendant Pingora's duty to use reasonable care in protecting confidential data arose not only as a result of the statutes and regulations described above, but also because Defendant Pingora is bound by industry standards to protect confidential Private Information.

79.   Defendant Pingora breached its duties, and thus was negligent, by failing to use reasonable measures to protect Plaintiff' Private Information. The specific negligent acts

and omissions committed by Defendant Pingora include, but are not limited to, the following:

    a. Failing to adopt, implement, and maintain adequate security measures to safeguard Plaintiff' Private Information;

    b. Failing to adequately monitor the security of their networks and systems;

    c. Failure to periodically ensure that their email system had plans in place to maintain reasonable data security safeguards;

    d. Allowing unauthorized access to Plaintiff' Private Information;

    e. Failing to detect in a timely manner that Plaintiff' Private Information had been compromised; and

    f. Failing to timely notify Plaintiff about the Breach so that they could take appropriate steps to mitigate the potential for identity theft and other damages.

80. It was foreseeable that Defendant Pingora's failure to use reasonable measures to protect Plaintiff' Private Information would result in injury to Plaintiff. Further, the breach of security was reasonably foreseeable given the known high frequency of ransomware attacks and data breaches in the Clients' various industries.

81. It was therefore foreseeable that the failure to adequately safeguard Plaintiff's Private Information would result in one or more types of injuries to Plaintiff.

82. Plaintiff are entitled to compensatory and consequential damages suffered as a result of the Data Breach.

83. Plaintiff are also entitled to injunctive relief requiring Defendant to, e.g., (i) strengthen its data security systems and monitoring procedures; (ii) submit to future annual audits

of those systems and monitoring procedures; and (iii) immediately provide adequate credit monitoring to all Plaintiff.

## Count IX: WRONGFUL INTRUSION INTO PRIVATE AFFAIRS/INVASION OF PRIVACY

84. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 83, as if fully set forth herein.

85. The State of Michigan recognizes the tort of wrongful intrusion, and the Supreme Court has indicated that it consists of a wrongful intrusion into one's private activities, in such manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.

86. Plaintiff had a reasonable expectation of privacy, and freedom from exposure, in the Private Information Defendant Pingora mishandled.

87. Defendant Pingora's conduct as alleged above intruded upon Plaintiff' private aspects under common law.

88. Defendant Pingora's intrusion was substantial and unreasonable enough to be legally cognizable, in that the reasonable expectation of persons of normal and ordinary sensibilities, including Plaintiff, is that the Private Information disclosed to Defendant Pingora's Clients would be properly maintained and secured.

89. By failing to keep Plaintiff's Private Information safe, and by misusing and/or disclosing said information to unauthorized parties for unauthorized use, Defendant Pingora intentionally invaded Plaintiff's and Plaintiff' privacy by:

      a.  Intentionally and substantially intruding into Plaintiff's and Plaintiff' private affairs in a manner that identifies Plaintiff and that would be highly offensive and objectionable to an ordinary person; and

      b.  Intentionally publicizing private facts about Plaintiff, which is highly offensive and objectionable to an ordinary person; and

      c.  Intentionally causing anguish or suffering to Plaintiff.

90.   Defendant knew that an ordinary person in Plaintiff's position would consider Defendant's intentional actions highly offensive and objectionable

91.   Defendant Pingora invaded Plaintiff's and Plaintiff' right to privacy and intruded into Plaintiff's and Plaintiff' private affairs by intentionally misusing and/or disclosing their Private Information without their informed, voluntary, affirmative, and clear consent.

92.   Defendant Pingora intentionally concealed from Plaintiff an incident that misused and/or disclosed their Private information without their informed, voluntary, affirmative, and clear consent.

93.   As a proximate result of such intentional misuse and disclosures, Plaintiff's and Plaintiff' reasonable expectations of privacy in their Private Information was unduly frustrated and thwarted.

94.   Defendant Pingora's conduct amounted to a substantial and serious invasion of Plaintiff's and Plaintiff' protected privacy interests causing anguish and suffering such that an ordinary person would consider Defendant's intentional actions or inaction highly offensive and objectionable.

95.   In failing to protect Plaintiff's Private Information, and in intentionally misusing and/or disclosing their Private Information, Defendant Pingora acted with intentional malice and

oppression and in conscious disregard of Plaintiff's and Plaintiff' rights to have such information kept confidential and private. Plaintiff, therefore, seeks an award of damages.

PLAINTIFF REQUESTS that this court enter judgment in his favor against Defendant in an amount exceeding $100,000 dollars, together with costs, interest, ,exemplary damages, and attorney's fees as permitted by Michigan law and principles of Equity and award Plaintiff other further interim and final relief, including monetary damages and costs, as justice and equity require.

Respectfully submitted:

Shawn L. Desai, Managing Attorney
Desai Legal Services PLLC
6450 Maple Road
West Bloomfield, Michigan 48322
Cell: (810)-355-6134
Shawn@DesaiLegalServices.com
*Attorney for Plaintiff*

**Desai**
Legal Services PLLC
*Potomac Office Building*
*6450 Farmington Road*
*West Bloomfield, Michigan 48322*



CERTIFIED MAIL

7022 2410 0001 4208 5468



U.S. POSTAGE PAID
WEST BLOOMFIELD, MI
48322
$9.48
R2305K131778-10

# Desai
## Legal Services, PLLC

PINGORA LOAN SERVICING, LLC
CORPORATION SERVICE COMPANY
251 LITTLE FALLS DRIVE
WILMINGTON, Delaware 19808