# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DHAVAL VAISHNAV,

    Plaintiff,

-vs-

    Case No. 2:23-cv-10532-MFL-CI
    Hon. Matthew F. Leitman

HOME DEPOT USA, INC.,
THE HOME DEPOT, INC.,
AND CITIBANK, N.A.,

    Magistrate Curtis Ivy Jr.

    Defendants.

| DESAI LEGAL SERVICES PLLC | DICKINSON WRIGHT PLLC |
|---|---|
| Shawn L. Desai (P81845) | Amy Sabbota Gottlieb (P67020) |
| 6450 Farmington Road | Jared A. Christensen (P83052) |
| West Bloomfield, MI 48322 | 2600 West Big Beaver Road, Suite 300 |
| (810) 355-6134 | Troy, MI 48084 |
| shawn@desailegalservices.com | (248) 433-7200 |
| *Attorneys for Plaintiff* | agottlieb@dickinsonwright.com |
| | jchristensen@dickinsonwright.com |
| | *Attorneys for Defendants Home Depot USA, Inc., The Home Depot, Inc., and Citibank, N.A.* |

## **SECOND AMENDED COMPLAINT**

**NOW COMES** the Plaintiff, Dhaval Vaishnav (hereafter "Plaintiff"), by and through his attorney, SHAWN L. DESAI, and for his Second Amended Complaint, states as follows:

### Jurisdiction

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case arises under federal law, specifically the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.

### Venue

2. Venue is proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

### Parties

3. Plaintiff Dhaval Vaishnav is an individual, and is now, and at all times mentioned, a resident of the City of Canton, County of Wayne, State of Michigan.

4. Defendant Citibank, N.A. is a national banking association organized and existing under the laws of the United States, with its main office as designated in its charter located in Sioux Falls, South Dakota. Citibank, N.A. conducts business and provides banking services throughout the United States, including within this judicial district.

5. Defendant The Home Depot, Inc. is a Delaware Corporation conducting business throughout Michigan with dozens of places of business in Wayne County, Michigan.

6. Defendant Home Depot USA is a Delaware Corporation conducting business throughout Michigan with dozens of places of business in Wayne County, Michigan.

**Factual Background**[1]

7. On September 20, 2022, Plaintiff Dhaval Vaishnav received a letter from Ron Bendalin, Chief Compliance Officer of Pingora, written on Pingora's behalf.

8. In the Sept. 20 letter, Pingora revealed that it had misappropriated Mr. Vaishanv's personal information including "name, address, loan number, and Social Security number", releasing it to an "unauthorized person [who] obtained accress to files on our file storage servers from October 27, 2021 to December 7, 2021."

9. Shortly after Pingora's letter, on October 2, 2022, Mr. Vaishnav received a credit card (number ending in 4741) from HD and Citi that he had never applied for, requested, nor sought.

10. Immediately after receiving this credit card, Mr. Vaishnav contacted HD to notify them that Mr. Vaishnav had never applied for, requested, nor sought this credit card.

11. Mr. Vaishnav then filed a police report with the Canton Township Police.

12. After notifying HD on October 2nd, Mr. Vaishnav received a credit card statement from HD and Citi with an amount due of $7,783.41 indicating that

---

[1] All statements made herein are averred on information and belief available at the time of the drafting of the complaint, and we're made after an investigation that was reasonable under prevailing circumstances. These averments are subject to change as additional information becomes available.

some unauthorized person had charged the Citi HD credit card in $7,783.41 at HD's locations in Allen Park and Madison Heights.

13. Mr. Vaishnav immediately called HD and Citi and notified them that he nor any of his friends or family members ever opened a credit card nor purchased anything from Home Depot in Allen Park or Madison Heights.

14. Mr. Vaishnav called HD and Citi on five occasions spanning from October to January 2023 to further notify them that these transactions were fraudulent and the balance was fraudulent.

15. HD opened up an "investigation" in November 2022.

16. In December 2022, Dhaval Vaishnav retained undersigned Counsel and undersigned Counsel faxed the police report and additional information that the transactions were fraudulent and the credit card balance was fraudulent.

17. On December 6, 2022, HD issued a letter to Dhaval Vaishnav stating that "We have completed our investigation regarding your claim this account was fraudulently opened using personal information. Based on our review, we have determined that you are responsible for the account and charges in question… If the account has a balance, you remain responsible for repayment of the outstanding balance and will continue to receive monthly statements until the balance is completely paid. We want to remind you that we may report the account as past due to the consumer reporting agencies listed below if we do not receive the payment by the due date shown on your

billing statement… Equifax Credit Information Service…Experian…TransUnion LLC."

18. Mr. Vaishnav continued to notify and provide documentation and details that credit card transactions were fraudulent and the balance was fraudulent.

19. Then on January 18, 2023, Mr. Vaishnav received a notification from the Credit Reporting Agencies via Chase Bank that his credit score had been reduced by 90 points, i.e. from 822 to 732.

20. Upon further inspection, Mr. Vaishnav discovered that HD and Citi had reported to the Credit Reporting Agencies that Mr. Vaishnav had defaulted on a credit card with a balance of $7,783.

21. HD and Citi were exhaustively informed that the credit card transactions were fraudulent, and the balance was fraudulent and therefore that the information that they furnished to the Credit Reporting Agencies was false, defamatory, harmful, reckless, and fraudulent.

22. Mr. Vaishnav's credit was damaged, and Mr. Vaishnav was not able to secure a loan on his January 2023 purchase of a BMW vehicle on the terms he otherwise would have had HD and Citi not fraudulently reported the false information.

23. Further, the default alleged by HD and Citi also potentially or arguably triggered technical default on a $2.2 million loan and federal SBA loan.

**COUNT I: VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)**

**15 U.S.C. § 1681 et seq. (AS TO DEFENDANT CITI ONLY)**

24. Plaintiff incorporates by reference paragraphs 1 through 23.

25. Defendant Citi, as furnishers of information, provided false, defamatory, harmful, reckless, and fraudulent information to the Credit Reporting Agencies regarding Plaintiff's credit card account and default on a balance of $7,783.41, in violation of the FCRA, 15 U.S.C. § 1681 et seq..

26. As a result of Defendant's violations of the FCRA, Plaintiff suffered damages including, but not limited to:

    a. Loss of credit opportunities

    b. Increased cost of financing and borrowing on new loans and existing loans

    c. Potential loss of financed assets including Mr. Vaishnav's grocery store, home, and vehicles

    d. Damage to business reputation and the creditworthiness of his businesses

    e. Loss of job opportunities

    f. Emotional distress

    g. Humiliation, mortification, and embarrassment

    h. Sleeplessness and anxiety

    i. Other damages that may arise during the course of discovery and the course of this trial

## COUNT II: DEFAMATION (LIBEL AND SLANDER)

27. Plaintiff incorporates by reference paragraphs 1 through 26.

28. The accusations that Plaintiff opened a credit card account with HD and charged transactions amounting to $7,783.41 were false.

29. Defendants HD published the remarks to third parties including Defendant Citi with knowledge of the falsity of the statements or in reckless disregard of their truth or falsity as they had been extensively notified of the noninvolvement of Dhaval Vaishnav in the disputed charges.

30. The publication was not privileged.

31. The publication of these remarks has resulted in damage to Plaintiffs' reputation in the community and economic loss, including, but not limited to, the following:

    1. Loss of credit opportunities
    2. Increased cost of financing and borrowing on new loans and existing loans
    3. Potential loss of financed assets including Mr. Vaishnav's grocery store, home and vehicles;
    4. Damage to business reputation and the creditworthiness of his businesses;
    5. loss of job opportunities
    6. emotional distress
    7. humiliation, mortification, and embarrassment
    8. sleeplessness and anxiety
    9. other damages that may arise during the course of discovery and the course of this trial

**COUNT III: TORTIOUS INTERFERENCE**

a. Plaintiff incorporates by reference paragraphs 1 through 38.

b. The relationships and expectancies among Plaintiff, his businesses, his auto lender, his home and business lenders, his vendors and suppliers and other credit lending partners, as well as multiple credit bureaus had a reasonable likelihood of future economic benefit for Plaintiff.

c. Defendant HD knew of the contracts, relationships and expectancies between Plaintiff, credit bureaus, and other lending partners.

d. By Defendant HD's false publishing to third parties including Defendant Citi that Mr. Vaishnav had defaulted on a more than $7,000 credit balance, Defendant HD intentionally and improperly interfered with the contracts and relationships and expectancies between Plaintiff and credit bureaus, because Defendant HD caused his credit score to drop by 90 points.

e. The defamation did interfere with the contracts and relationships and expectancies and credit score, causing their breach, disruption, or termination.

f. As a direct and proximate result of Defendant HD's wrongful conduct, Plaintiff has suffered substantial economic injury, loss of goodwill, harm to his credit score, loss of esteem and standing in the community, and loss of loan opportunities.

**COUNT IV: FRAUDULENT MISREPRESENTATION**

g. Plaintiff incorporates by reference paragraphs 1 through 44.

h. Defendant HD intentionally made false representations of material facts to third parties including Defendant Citi that Defendant HD had defaulted on a more than $7,000 credit balance, as set forth in the preceding paragraphs.

i. Defendant HD's representations were false when they were made.

j. Defendant HD made these representations recklessly, without knowing whether they were true.

k. Defendant HD intended that Plaintiff's lenders and partners would rely on the representations.

l. These lenders, partners and credit reporting agencies relied on Defendant HD's false representations regarding the default placed on Plaintiff's account.

m. As a result of Defendant HD t's fraudulent misrepresentations, Plaintiff has suffered substantial economic losses.

## COUNT V: NEGLIGENT MISREPRESENTATION

n. Plaintiff incorporates by reference paragraphs 1 through 51.

o. Defendant HD made a material misrepresentation when it stated that Mr. Vaishnav had defaulted on a more than $7,000 credit balance.

p. The representations were false.

q. Defendant HD were negligent in making the misrepresentations, i.e. Defendant HD breached a business or professional duty of care to provide accurate information to the Credit Reporting Agencies.

  r. Plaintiff suffered damages as a result.

WHEREFORE, Plaintiff Dhaval Vaishnav requests that this Court enter judgment in his favor and against Defendants Citibank, N.A., The Home Depot, Inc., Home Depot USA for:

 a. Actual damages as well as consequential and incidental damages;

 b. Statutory damages pursuant to 15 U.S.C. § 1681n and § 1681o;

 c. Punitive damages pursuant to 15 U.S.C. § 1681n;

 d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o;

 e. Prejudgment and post-judgment interest;

 f. Injunctive relief requiring Defendants to correct the false information provided to the Credit Reporting Agencies; and

 g. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

       Respectfully submitted:

       *[signature: Shawn Desai]*
       Shawn L. Desai, Managing Attorney
       Desai Legal Services PLLC
       6450 Maple Road
       West Bloomfield, Michigan 48322
       Cell: (810)-355-6134
       Shawn@DesaiLegalServices.com
       *Attorney for Plaintiff*